This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                   **No. A-1-CA-37960**

**KENDRICK JOEY, SR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood, III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals his conviction for battery upon a peace officer. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

### Sufficiency of the Evidence

**{2}** Defendant continues to challenge the sufficiency of the evidence to support his conviction for battery upon a peace officer. [DS 4] *See State v. Armijo*, 1997-NMCA-080, ¶ 16, 123 N.M. 690, 944 P.2d 919 ("A motion for a directed verdict challenges the sufficiency of the evidence[.]").

**{3}**     A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

**{4}**     In order to prove the charge, the State had to present evidence that Defendant knowingly and intentionally battered a peace officer. [RP 54] The State presented the testimony of two corrections officers, who both testified that Defendant attempted to hit one of them, but struck the other in the knee. [MIO 1-2; RP 71-75] The officer who was struck testified that Defendant was angry and cursing, and that the kick resulted in a bruise on his knee. [RP 72] The State presented a photo of the injury. [RP 73] Although Defendant argues [MIO 4] that the officers could not know what Defendant's intent was, Defendant's conduct permitted the fact-finder to infer that his actions were intended to batter one of the officers. *See State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820 (stating that "[a] defendant's knowledge or intent generally presents a question of fact for a jury to decide"). In light of this evidence, we conclude that the State presented sufficient evidence to support the conviction.

**Ineffective Assistance of Counsel**

**{5}**     Defendant continues to claim that trial counsel was ineffective. [MIO 5] We will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 1992-NMCA-112, ¶ 4, 114 N.M. 725, 845 P.2d 819, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806. A defendant must show that counsel's actions were not simply matters of strategy, were made part of the record, and have prejudiced Defendant. *See State v. Baca*, 1997-NMSC-59, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel").

**{6}**     Here, Defendant's claim is based on defense counsel's failure to call as a witnesses an officer who was present at the scene. [MIO 5] We conclude that this fact, standing alone, is not sufficient to make a prima facie showing of ineffective assistance of counsel. *See State v. Orosco*, 1991-NMCA-084, ¶ 35, 113 N.M. 789, 833 P.2d 1155 (noting that matters of trial tactics and strategy are within the control of trial counsel); *see also State v. Crain*, 1997-NMCA-101, ¶ 25, 124 N.M. 84, 946 P.2d 1095 ("[W]e regard trial counsel's choice and presentation of defenses and defense witnesses as falling within the ambit of trial tactics and strategy."). To the extent that these claims may have merit, we believe that it is more appropriately addressed in a habeas proceeding. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**{7}**     For the reasons set forth above, we affirm.

**{8}     IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**